People ex rel. Plotke, Appellant, v. Elton W. Lower et al., Appellees.

Gen. No. 14,474.

CIVIL SERVICE ACT—*to what does not apply.* The head of a principal department of the government of a city which has adopted the Civil Service Act is exempt from the provisions thereof, even though such principal department and the office designated as its head were created after the adoption of such act. People v. Kipley, 171 Ill. 44, distinguished.

Mandamus. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed July 14, 1908.

Statement by the Court. The substance of the petition is correctly stated by appellant as follows:

"On the 18th day of December, 1907, the appellant filed his petition in the Superior Court of Cook county, Illinois, praying that a writ of mandamus issue under the seal of said court directed to Elton W. Lower, Zina R. Carter and Michael L. McKinley, Civil Service Commissioners of the City of Chicago, respondents and appellees in this cause, commanding them that they forthwith proceed to advertise and give notice in the manner provided by law of a civil service examination for the office of Chief Smoke Inspector, and that after such examination has been advertised for the period required by law, that said Civil Service Commission proceed to hold an examination for the office of smoke inspector under the terms of the Civil Service Act and the rules of said Civil Service Commission.

On the 3rd day of January, 1908, the respondent filed a general demurrer to the petition and on the 14th day of January, A. D. 1908, the court entered an order sustaining the demurrer, denying the petition for a writ of mandamus and dismissing said petition; thereupon an appeal was prayed by the relator and allowed to this court.

The petition sets forth that the relator is a citizen of the United States and of the State of Illinois and a resident and a taxpayer of the City of Chicago in the County of Cook; that the City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois; that there is now in full force and effect in said State an act entitled 'An Act to regulate the Civil Service of Cities,' and that said act was adopted in accordance with the provisions thereof at a general election held in the City of Chicago; that the respondents, appellees in this cause, are now the Civil Service Commissioners of said city; that by the terms and provisions of the said Civil Service Act, and the amendments thereof, it is made the duty of the Civil Service Commissioners to classify all the offices and places of employment in the City of Chicago, with reference to the examination provided for in said act, except those offices and places mentioned in Section 11 of the act and under the provisions of said act, the offices and places so classified by the commission constitute the classified civil service of the City of Chicago; that by the terms of said act no appointments to any such offices or places of employment shall be made except under and according to the rules therein provided for, and it is made the duty of the Civil Service Commission to make rules to carry out the purposes of said act and for examinations, appointments and removals in accordance with its provisions; that said act further provides that all applicants for offices and places in said classified service except those mentioned in Section 11 thereof, shall be subject to examination, which shall be public, competitive and free to all citizens of the United States, with specified limitations as to residence, age, health, habits and moral character; that the commission, by the terms of said act, is given control of all such examinations, and it is made the duty of said commission to give notice of the time, place and scope of every examination by publication for two weeks preceding such examination in a daily newspaper of gen-

eral circulation published in said city, which notice shall also be posted by said commission in their office for two weeks before such examination; that the only offices and positions under the government of the City of Chicago that are not by the terms of said act required to be classified are those mentioned in Section 11 thereof.

That the first Civil Service Commission proceeded as required by Section 3 of the Civil Service Act to classify all the offices and places of employment in the City of Chicago (except those exempted from such classification by Section 11 of the act) by making, adopting and publishing, as provided by said act, Rule I; that said rule has ever since been continued in full force and effect by the Civil Service Commission of said city and is now one of the existing rules of said commission; that said Civil Service Commission has from time to time made and adopted and now continues in force and effect numerous rules to carry out the purposes of said act in accordance with the provisions thereof; that prior to July 8, 1907, there existed under the government of the City of Chicago, in the department of steam boilers and steam plants, the position of chief smoke inspector, which position was subordinate to that of the chief inspector of steam boilers and steam plants, the head of the department; that on the 8th day of July, 1907, the City Council of the City of Chicago passed an ordinance by which the position of chief smoke inspector was abolished and a new principal department of the city government, known as the Department of Smoke Inspection was created; that Chapter LXIV of the Revised Municipal Code of Chicago of 1905, as amended, so far only as the same refers to smoke inspection, was repealed by said ordinance and the position of chief smoke inspector created by said chapter abolished; that said ordinance provides that it shall take effect on and after its passage and publication; that said ordinance was passed by a two-thirds vote of all the aldermen of said city duly elected

and holding office as such; that by the terms of said ordinance of July 8, 1907, some of the duties which were theretofore by the ordinances of the City of Chicago imposed upon said chief smoke inspector were by the terms of said ordinance required to be performed by the smoke inspector under said last mentioned ordinance, and that other and additional duties than those required of said chief smoke inspector were by the terms of said ordinance of July 8, 1907, imposed upon the smoke inspector; that said ordinance created the office of smoke inspector and provided that said smoke inspector be the head of the department of smoke inspection; that on the 9th day of September, 1907, the mayor of the City of Chicago by and with the advice of the City Council of said city appointed for the full term of service Paul P. Bird, as smoke inspector, under the provisions of Section 2 of said last mentioned ordinance and that the said Paul P. Bird thereupon executed a bond to said city as required by the terms of the ordinance and thereupon entered upon the duties of the office of smoke inspector, and that said Bird has continued to occupy said office and perform the duties thereof until the present time, and that he now occupies said office and is performing the duties thereof; that said Department of Smoke Inspection as created by said ordinance is one of the principal departments of the government of the City of Chicago and that said department and said office of smoke inspector have been established and created subsequent to the passage and adoption of the Civil Service Act; that the office of chief smoke inspector is not an office or place of employment mentioned in Section 11 of the Civil Service Act and is not exempt from classification as an office or employment under the Civil Service Act; that although more than five months have elapsed since the office of smoke inspector was created as aforesaid, the Civil Service Commissioners have taken no steps toward advertising, calling and holding a civil service examination for such office and that it is the duty of

the Civil Service Commissioners of the City of Chicago under the Civil Service Act to hold and conduct an examination for the office of Chief Smoke Inspector after giving notice of such examination as provided by law; that petitioner has since the creation of the office of smoke inspector aforesaid, demanded of the said Civil Service Commission that it hold such examination in compliance with the terms of the Civil Service Act and under the rules of said commission, but that said Civil Service Commissioners refused to hold such examination, and claim that said office of smoke inspector was, by the terms of Section 11 of the Civil Service Act, exempt from classification and advised your petitioner that they would not advertise or hold such examination unless directed so to do by a court of competent jurisdiction.''

Respondents to the petition, the Civil Service Commissioners of the City of Chicago, filed a general demurrer which was sustained by the court, and the petition was dismissed.

FRED PLOTKE, for appellant.

CLYDE L. DAY and EMIL C. WETTEN, for appellees; EDWARD J. BRUNDAGE, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The question presented by the petition is, whether or not the head of a principal department of the government of a city which has adopted the Civil Service Act is exempt from the provisions of that act, where such principal department and the office designated as its head were created after the adoption of that act.

Section 11 of the Civil Service Act exempts from the classified service provided for in the act of the head of any principal department of a city government by the following language: ''Heads of any principal department of the city shall not be included in such classified service.''

The contention of appellant is that the act should be

so construed that, while it confessedly excludes from its operation the heads of principal departments of the city government which were in existence in 1895, when the act went into force and effect, the heads of all principal departments which have been created since the act became operative, and those which may hereafter be created, are included in the classified service.

The position of appellees, the Civil Service Commissioners of the City of Chicago, is that the law should be so construed as to make its operation uniform upon all principal departments, whether in existence before the act went into effect or created since that date; and that the office of smoke inspector, being the head of a principal department of the city government, is one of the offices which falls within the exemptions from the operation of the act, provided for in Section 11 of the act.

For support of the construction contended for by appellant, petitioner, reliance is placed mainly upon certain expressions in the opinion in People v. Kipley, 171 Ill. 44. The court say, on page 78 of the opinion:

"There can be no doubt that the words, as used in Section 11, were intended by the legislature to refer to heads of the principal departments as they existed under ordinances then in force."

And again on page 79 of the opinion the court say:

"It might be that the legislature could or would create some department besides and outside of those existing at the time of the passage of the act, which should consist of several persons as heads, instead of one person. In such case such heads would come within the meaning of Section 11. But so far as the City of Chicago is concerned the departments at the time of the passage of the act had each only one head, and therefore the words used in Section 11 must refer to such heads as then existed."

From these excerpts from the opinion it is argued that the only authority which can create additional

departments with heads exempt from the operation of the law is the General Assembly of the State, and not the legislative body of a municipality; and that the Civil Service Act repealed those portions of the Cities and Villages Act in conflict with it. And it is further inferred that the Supreme Court considered those portions of the Cities and Villages Act which authorize the city council to provide for the appointment of public officers otherwise than under the civil service law were in conflict with it, and were no longer in effect.

In considering the meaning of the expressions in the opinion in the Kipley case, it should be borne in mind, we think, that that case presented a very different situation from that shown by this record. It was there contended, and it was sought to have the court declare, that certain officers in rank under the chief of police, but who were heads or in charge of different divisions of the police department, to be heads of principal departments of the city government; and it was also sought to have the court hold that the city council might create offices which were not heads of principal departments, and by making the appointments to such offices subject to confirmation by the city council, bring them within the exemption provisions of the Civil Service Act. No new principal departments had been created, as shown by the petition in this case. We are of opinion, therefore, that the question here presented was not involved in the Kipley case, and was not passed upon by the Supreme Court.

Furthermore, we think the language of the opinion in the Kipley case above quoted was used by the court in discussing the question whether or not a department could have more than one head, and it appears clearly that what was there said referred to heads as they existed at the time of the passage of the act, and not to the departments. This appears from the sentences on page 78 of the opinion immediately following the one above quoted, namely: "At that time there was no principal department of the city government of Chi-

cago which had more than one head. Each department had a single head." And this is further made clear by what is said on page 79 of the opinion from which it appears that the court, by way of argument, anticipated the creation at some future day of new principal departments of the city government, with several persons as heads, and stated such heads would come within the meaning of Section 11.

In our opinion no good reason exists for the application of one rule of construction to the heads of new principal departments created by the legislature of the State and another rule of construction to new principal departments created by the city council. In the one case the legislature exercises its power directly, and in the other the city council exercises the same power delegated to it. Nor is there any good reason for so construing the law that the head of a principal department created before the passage of the act shall be exempt under the act, while the head of a principal department which is created after the passage of the act shall be included in its operation. Such a construction would be a strained construction and would destroy the uniform operation of the act.

We think the judgment of the Superior Court in sustaining the demurrer to the petition is correct, and it is therefore affirmed.

*Affirmed.*